IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRISHODD MILLER<br>3467 VISTA LANE<br>BROOKHAVEN, PA 19015<br><br>v.<br><br>UPLAND BOROUGH<br>224 CASTLE AVENUE<br>UPLAND, PA 19015<br>   and<br>POLICE CHIEF, JOHN R. EASTON,<br>224 CASTLE AVENUE<br>UPLAND, PA 19015<br>   and<br>DETECTIVE MICHAEL CURRAN<br>224 CASTLE AVENUE<br>UPLAND, PA 19015 | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br>NO. |

## COMPLAINT

1. Plaintiff brings this action for damages pursuant to 42 U.S.C. § 1983 and the Fourth, Second and Fourteenth Amendments of the United States Constitution.

### I. JURISDICTION and VENUE

2. The court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

3. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Upland, Pennsylvania, within Delaware County, which is in the Eastern District of Pennsylvania.

### II. PARTIES

4. Plaintiff, Brishodd Miller is an adult citizen and resident of the Commonwealth of Pennsylvania, who resides as captioned.

5. Defendant, Upland Borough, is an entity organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains a central office and/or principal place of business located as captioned.

6. At all material times, defendant, Upland Borough was charged with the responsibility of testing, hiring, training, disciplining and supervising members of the Upland Police Department, including in particular, the individual defendants, Police Chief John R. Easton and/or Detective Michael Curran.

7. Defendant, Police Chief John R. Easton, is a citizen of the United States who is and at all times relevant hereto, was employed by Defendants, Upland Borough as the highest ranking authority of the Upland Borough Police Department.

8. Defendant, Police Chief John Easton acted under color of state law, and was at all material times responsible for the hiring, training, supervision and discipline of the detectives and police officers of the Upland Police Department.

9. Defendant, Detective Curran, was at all material times employed as a detective by the defendant, Upland Borough and the Upland Police Department, and is being sued both individually, and in his official capacity as an officer, agent and/or employee of the defendant, Upland Borough.

10. At all material times, defendant, Detective Michael Curran, acted within the course and scope of his employment, under the color of state law and pursuant to the customs, policies and/or practices of the Upland Police Department and Upland Borough.

### III.   FACTUAL AVERMENTS

11. On or about January 25, 2010, the plaintiff willingly reported to the Upland Borough Police Station, where the defendant, Detective Curran, informed him that he was under investigation for the suspected possession of a stolen firearm.

12. The plaintiff was factually innocent of any charge.

13. The plaintiff willingly cooperated with the defendant, Detective Curran, truthfully denying that he had ever possessed a stolen handgun.

14. The plaintiff had no criminal record and had never been convicted of any crime that would legally bar him from owning, possessing or using a firearm.

15. In fact, at all material times, the plaintiff was the registered and lawful owner of a licensed firearm, one 45 cal. Ruger P345 handgun, (serial Number 644-15435).

16. At all material times, the plaintiff had been granted a lawful license to carry.

17. Notwithstanding the above, on or about February 3, 2011, the defendant, Detective Curran, filed a Criminal Complaint against the plaintiff, Brishod Miller, charging him with serious felony offenses, including Person Not to Possess/Use/Etc. a Firearm,, Attempt to Possess a Firearm, Criminal Conspiracy, and Receiving Stolen Property.

18. Upon information and belief, the defendant, Detective Curran, conducted no investigation into the status of the plaintiff before filing said Criminal Complaint and had no probable cause or other legal basis to charge the Plaintiff with the above crimes.

19. A perfunctory investigation would have revealed that the plaintiff had no criminal record which would bar his possession of a firearm, and that the plaintiff had in fact been issued a license to carry, and thus could not be guilty of Possession of a Firearm in violation of 18 Pa.C.S. § 6105 ("Persons Not Possess/Use/Etc. a Firearm").

20. The defendant, Detective Curran, did not have probable cause to arrest the plaintiff.

21. The defendant, Detective Curran, obtained a warrant for plaintiff's arrest solely on the basis of fabricated information without conducting any prior investigation.

22. On February 4, 2010, pursuant to said fabricated Arrest Warrant, the defendant, Detective Curran, falsely arrested the plaintiff, without probable cause, and against the plaintiff's will.

23. Upon taking the plaintiff into custody, the defendant, Detective Miller, seized the plaintiff's licensed handgun and other personal property, in spite of the fact that the plaintiff presented the defendant, Detective Curran, with his lawful permit to carry.

24. Following the false arrest of the plaintiff, the defendant, Detective Miller, caused the plaintiff to be maliciously prosecuted, without probable cause for serious felony offenses, including Possession of a Firearm by a Person not to Possess a Firearm, Criminal Attempt, Criminal Conspiracy, and Receiving Stolen Property.

25. As a result of the above, the plaintiff, Brishodd Miller, was deprived of his liberty and forced to undergo a criminal prosecution without probable cause.

26. As a further result of the above, the plaintiff was forced to incur various expenses, including but not limited to, legal fees of approximately $2,500.00 for legal representation regarding same.

27. As a further result of the above, the plaintiff was caused to suffer anxiety, fear, frustration, and loss of reputation and standing within his community.

28. All charges against Plaintiff were dismissed at a preliminary hearing on March 2, 2011.

29. Following the dismissal of all charges against the plaintiff, the plaintiff repeatedly attempted to retrieve his property from police custody.

30. The plaintiff called the defendants on numerous occasions, spoke to them in person, and sent a certified letter to the police department requesting the return of his property.

31. The defendants have initiated no proceedings to lawfully seize or forfeit the plaintiff's personal property and have provided plaintiff with no legal remedy to retrieve same.

32. Notwithstanding the above, and the passing of nearly two years, the defendants have repeatedly failed to return the plaintiff's property up to the date of the filing of this Civil Action Complaint.

## COUNT I- 42 U.S.C. § 1983
## MALICIOUS PROSECUTION
## BRISHODD MILLER V. DETECTIVE MICHEAL CURRAN

33. All preceding paragraphs are incorporated by reference as if fully set forth at length.

34. As aforesaid, the defendant, Michael Curran, while acting within the course and scope of his employment, under color of state law and pursuant to the customs, policies, and practices of Upland Borough police department, did deprive the plaintiff of his rights, privileges and immunities under the Laws and Constitution the United States; in particular, the right to be free from malicious prosecution; which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

35. As a direct and proximate result of the intentional, malicious and/or reckless actions of the defendant, Michael Curran, the plaintiff suffered damages, as described above.

36. The actions of the defendant, Michael Curran, in his individual capacity, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE,** the plaintiff, Brishodd Miller, demands judgment against the defendant, Detective Michael Curran, for an amount sufficient to fairly and adequately compensate the plaintiff, and punish and deter such conduct on the part of the defendant, along with interest, costs, attorney's fees, and all other relief that this Honorable Court deems just and applicable.

## COUNT II- 42 U.S.C. § 1983
## DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS
## BRISHODD MILLER V. DETECTIVE MICHEAL CURRAN

37. All preceding paragraphs are incorporated by reference as if fully set forth at length.

38. As aforesaid, the plaintiff had a property interest in his firearm, one 45 Caliber, Ruger P345 handgun, serial number 644-15435, and has the legal right possess, own and maintain said property pursuant to Pennsylvania law.

39. The plaintiff's property interest was clearly established under Pennsylvania law at the time when Plaintiff was deprived of said interest, and a reasonable police officer in the defendants' position would have known that that any decision to seize the plaintiff's gun with no evidence that it was involved in a crime, refuse to return the gun after all charges had been dismissed, and continue to hold it indefinitely without probable cause or other legal justification would violate the Plaintiff's rights.

40. As aforesaid, the defendant, Detective Curran, while acting under color of state law and pursuant to the policies, practices and/or directives of the defendant, Upland Borough, did intentionally and maliciously deprive the plaintiff of his property interest without providing the plaintiff with notice and an opportunity to be heard, or just compensation, in violation of Plaintiff's rights under the Procedural Due Process Clause of the Fourteenth Amendment.

41. As aforesaid, the defendant, Detective Curran, while acting under color of state law, and pursuant to the policies, practices and/or directives of the defendant, Upland Borough, did intentionally and maliciously deprive the plaintiff of his property interest in an arbitrary and capricious manner which shocks the conscience, in violation of the plaintiff's rights under the Substantive Due Process Clause of the Fourteenth Amendment.

42. As a direct and proximate result of the above violation of the plaintiff's rights to both substantive and procedural due process under the Fourteenth Amendment of the

United States Constitution, the plaintiff suffered the damages that are more fully described above, including the loss of his firearm.

43. The above-described actions of the defendant, Detective Curran, were so malicious and/or reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, the plaintiff, Brishodd Miller, demands judgment against the defendant, Detective Michael Curran, for an amount sufficient to fairly and adequately compensate the plaintiff, and punish and deter such conduct on the part of the defendant, along with interest, costs, attorney's fees, and all other relief that this Honorable Court deems just and applicable.

## COUNT III- 42 U.S.C. § 1983
## SECOND AMENDMENT
## BRISHODD MILLER v. DETECTIVE CURRAN, POLICE CHIEF JOHN EASTON, AND UPLAND BOROUGH

44. All preceding paragraphs are incorporated by reference as though fully set forth herein.

45. As aforesaid, the defendants, Detective Curran, Police Chief John Easton and/or Upland Borough, while acting under color of state law, and pursuant to the policies, practices and/or directives of the defendant, Upland Borough, did intentionally and maliciously infringe upon the plaintiff's right to bear arms, by seizing the plaintiff's lawfully possessed firearm and refusing to return it to him, even after the conclusion of all criminal proceedings against the plaintiff.

46. As aforesaid, the defendant, Michael Curran, while acting within the course and scope of his employment, under color of state law and pursuant to the customs, policies, and practices of Upland Borough police department, did deprive the plaintiff of his rights, privileges and immunities under the Laws and Constitution the United States; in

particular, the right to keep and bear arms; which actions violated the plaintiff's rights under the Second and Fourteenth Amendments to the Constitution of the United States.

47. The actions of the defendants, Michael Curran and/or Police Chief John Easton, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights, that the imposition of punitive damages is warranted.

**WHEREFORE,** the plaintiff, Brishodd Miller, demands judgment against the defendants, Detective Michael Curran and Police Chief John Easton, jointly and/or severally, for an amount sufficient to fairly and adequately compensate the plaintiff, and punish and deter such conduct on the part of the defendants, and further demands judgment against the defendant, Upland Borough, for an amount sufficient to fairly and adequately compensate the plaintiff, along with interest, costs, attorney's fees, and all other relief that this Honorable Court deems just and applicable.

### COUNT IV- 42 U.S.C. § 1983
### MONELL CLAIM
### BRISHODD MILLER v. POLICE CHIEF JOHN EASTON, AND UPLAND BOROUGH

48. All preceding paragraphs are incorporated by reference as though fully set forth herein.

49. The plaintiff believes and therefore avers that the defendants have maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in the violating of constitutional rights of citizens, including, but not limited to, a custom and/or practice of failing to properly investigate criminal matters before filing charges, and unlawfully seizing handguns from minority citizens and refusing to return them, without due process or lawful justification, which policy, custom and/or practice is in violation of the Second, Fourth, and Fourteenth Amendments to the United States Constitution.

50. The plaintiff believes and therefore avers that the defendants, Upland Borough, and/or Police Chief John Easton, have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and discipline its police officers and detectives, including the individual defendant, regarding the appropriate procedures for protecting the constitutional rights of individuals such as the plaintiff, which policy, custom or practice violates the Fourteenth Amendments of the Constitution of the United States and the laws of the United States and the Commonwealth of Pennsylvania.

51. Upon information and belief, the defendants, Upland Borough and/or Police Chief John Easton have been aware of the aforesaid policies, customs and/or practices for a substantial period of time and despite knowledge of the illegal policies, customs and/or practices as described above by the supervisory and policy making officers and officials, the defendants failed to take steps to terminate said policies, customs and/or practices; have not disciplined or otherwise properly supervised the defendant police officers and/or detectives who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead have sanctioned the policies, customs and/or practices described above.

52. By failing to take action to stop or limit the policies, customs and/or practices and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, customs and/or practices, defendants effectively condoned, acquiesced in, participated in, and perpetrated the policies in violation of the plaintiff's rights under the Fourteenth

Amendments of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

53. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Upland Borough and/or Police Chief John Easton, the Plaintiff suffered injuries as more fully described above.

**WHEREFORE**, plaintiff demands compensatory damages against defendants, Upland Borough and Police Chief John Easton, jointly and/or severally, in an amount to fairly and adequately compensate the plaintiff, plus interest, costs, attorney's fees and delay damages.

ABRAMSON & DENENBERG, P.C.

BY:/s/ _____
ALAN E. DENENBERG, ESQ.
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA. 19107-4712
(215) 546-1345